No. 13163

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

--------

MARILYN JO COFFEE, formerly
MARILYN JO WOLFE,

Plaintiff and Respondent,

-vs-

DELOIT RAY WOLFE,

Defendant and Appellant.

--------

Appeal from: District Court of the Fourth Judicial District,
Honorable Edward Dussault, Judge presiding

Counsel of Record:

For Appellant:

Worden, Thane, Haines and Williams, Missoula,
Montana
Ronald Bender argued, Missoula, Montana

For Respondent:

Mulroney, Delaney, Dalby & Mudd, Missoula, Montana
Dexter L. Delaney argued, Missoula, Montana

--------

Submitted: June 2, 1977

Decided: JUL 26 1977

Filed: JUL 26

_Thomas J. Kearney_ Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from an order disallowing a loan in a termination of a trust proceeding.

On August 24, 1961, plaintiff was granted a divorce from defendant. Two children of the marriage Melinda Sue, age 4, and Deloit Ray, age 3, were placed in plaintiff's custody. A property settlement agreement provided defendant was to pay $200 per month for the support and maintenance of the children, plus a $10,000 life insurance policy on defendant's life. Defendant agreed to pay all the premiums incident thereto and the beneficiary of the policy was to be the First National Bank of Missoula, as trustee. In the event of defendant's death the proceeds were to be paid to the bank to be used for the care, education and support of the children with the provision that any amount remaining when the youngest child became 25 years of age would be payable to the children in equal shares.

On December 4, 1964, following plaintiff's remarriage, the parties entered into a new agreement modifying the terms of the 1961 agreement as to support for the children. Under the new agreement defendant paid $50 per month for child support of the minor children and $150 per month was to be paid into a fund to be used for the future use of the children's education. This money was deposited in the Southside National Bank of Missoula and time savings certificates were purchased.

In November 1974, defendant borrowed $2,743.63 at 4% interest on the life insurance policy so that he could purchase a $13,000 Federal Land Bank bond which would net approximately 3% interest to the trust fund. To make this purchase defendant also put in

his own funds, along with that borrowed on the life insurance policy. The bond was for the benefit of the children.

On June 6, 1975, Melinda Sue became 18 years of age and plaintiff petitioned the court for an order to have an accounting of the funds which had been accumulated and set aside for the children's education and to pay over to Melinda Sue "one-half of the proceeds of that fund for her use and benefit in connection with defraying her future education expenses."

Defendant filed his accounting and petitioned the court for an order authorizing payment of one-half of the proceeds of the trust fund, together with accumulated interest and dividends, to Melinda Sue in four equal annual payments beginning in 1975. The accounting revealed a total fund of $21,953.41. Defendant deducted from that amount $2,743.63 the loan he made from the insurance policy and $3,963.55, the amount he contributed to purchase the Federal Land Bank bond. That left a net value in the account of $15,246.23 at the date of the hearing.

The court entered an order approving the accounting in all regards, except the deduction of the loan made to defendant by the insurance company and further denied defendant's request for the distribution to Melinda Sue in four annual payments. In addition, the court ordered Melinda Sue was entitled to one-half of the cash surrender value of the life insurance policy prior to the securing of the loan thereon and ordered defendant to distribute to Melinda Sue the sum of $8,994.93.

Defendant raises for this Court's consideration four issues on appeal:

1. Whether the trial court erred in ordering payment of one-half the cash surrender value of the policy when such relief was not sought in plaintiff's petition?

2. Whether the trial court had the power to modify a prior property settlement agreement?

3. Whether there is sufficient evidence to support the trial court's finding that defendant must pay one-half of the cash surrender value of the life insurance policy prior to securing the loan thereon?

4. Whether the loan on the insurance policy is a proper charge against the trust funds?

Issue 1. This issue is directed to the court's ordering a distribution of one-half the value of the insurance policy when such relief was not sought by the petition.

Defendant argues the life insurance policy was not a part of the trust fund but was a provision of the property settlement at the time of the divorce in 1961, and that the insurance policy was to cover the children's minority in case he died. Further, that the trust fund came into being later, in 1964, when he petitioned the court to lower the child support payments to $50 per month and he be allowed to put $150 per month into a trust fund for the children's education.

The petition filed by plaintiff on June 5, 1975, stated:

"AND WHEREAS, MELINDA SUE WOLFE has presently applied for and been accepted at an institution of higher education and is in need of and entitled to that share of that fund,

"NOW, THEREFORE, the Plaintiff petitions the Court for its Order requiring the Defendant

"1) to make a full accounting of the funds which have been accumulated and set aside for said purposes, and,

"2) to pay over to the said MELINDA SUE WOLFE one-half of the proceeds of that fund for her use and benefit in connection with defraying her future educational expenses."

No effort was made to modify the original property settlement with regard to the life insurance policy and defendant argues no evidence was shown the life insurance policy was considered a part of the trust fund created in 1964.

Plaintiff counters these arguments by noting they are not only misleading but avoid the issue. She alleges her petition sought a full accounting of the funds which had been accumulated and set aside for Melinda Sue's educational expenses. Also, that the language of the order concerning the insurance policy proceeds indicated it was for the purpose of helping to defray the educational expenses of the children.

While defendant makes much of his argument that no evidence was introduced concerning the life insurance policy at the hearing, this is contested by plaintiff and defendant did not demand a record. Plaintiff argues, and we agree, that defendant is making an argument on the facts, but he has failed to provide a record of the hearing.

Absent the record, and considering the case on the basis of the court files, we find the court properly exercised its discretion in determining the nature of the corpus of the trust. Sitting as a court of equity, the district court had full jurisdiction to look into the contributions made by defendant for the benefit of his children and determine what each child was entitled to upon attaining majority. Thisted v. Country Club Tower Corp., 146 Mont. 87, 405 P.2d 432; Dutton v. Rocky Mtn. Phosphates, 151 Mont. 54, 438 P.2d 674.

Issue 2. Under the fact situation before the Court in this case we find the district court did not change the property settlement agreement as argued by defendant. The court was sitting in equity and had jurisdiction to consider the facts before it. Here defendant, when the children were young, took out a life insurance policy to insure their support and education during the period of their minority in the event he should die. That period, as to Melinda Sue, is now over and one of the purposes for which the policy was taken out, her education, has arrived. The very needs defendant anticipated have occurred and the court properly included Melinda Sue's interest in the policy as part of her educational fund.

Issues 3 and 4. For the purposes of this opinion we combine Issues 3 and 4, because they relate to the loan made to defendant from the insurance policy to purchase the Land Bank bond.

Defendant argues there was insufficient evidence before the court to support its finding that he pay one-half of the cash surrender value prior to securing the loan. Without a record or a memorandum opinion of the district court on its reasons, we are at a loss to understand the court's rationale.

What the court file reveals is that defendant in November 1974, was allowed by the court to borrow from the policy to be invested in a better interest paying bond so that the children's educational fund would be enhanced. The cash surrender value of the policy as of June 28, 1975, the time of the accounting, including the outstanding loan, amounted to $3,017.33. If the

- 6 -

loan were deducted from that figure the cash surrender value of the policy would be $193.11. In denying the amount of the loan charge against the trust corpus the court added $2,824.22 to the cash surrender value of the policy prior to the loan and defendant was required to use as the cash surrender value of the policy the sum of $5,841.55.

In effect, the trial court in denying the loan on the insurance policy as a proper debt against the trust property requires defendant to repay the loan out of his own funds. In doing so the court committed error for defendant had already paid once in complying with the court order to distribute one-half of the cash surrender value prior to the securing of the loan. We find the loan incurred by defendant as trustee of the educational fund was a proper charge against the fund.

The judgment of the trial court is affirmed in part and remanded to the court for compliance with this opinion as to the remaining part.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____
Justices.